UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL LEON KINDROW

    Debtor,
_____/

WEIK & ASSOCIATES P.C.,

    Appellant,

vs.

KRISPEN S. CARROLL, CHAPTER 13
TRUSTEE,

    Appellee.
_____/

Civil Action No. 08-CV-12965
HON. BERNARD A. FRIEDMAN

Bankr. No. 05-51275
HON. STEVEN W. RHODES

## **OPINION AND ORDER AFFIRMING<br>ORDER OF THE BANKRUPTCY COURT**

This matter is presently before the Court on an appeal from an order of the United States Bankruptcy Court for the Eastern District of Michigan. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a). After thoroughly reviewing this matter, the Court concludes that this appeal is identical in all material respects to an appeal over which United States District Judge David M. Lawson presided, *see In re Campbell*, 08-CV-12964 (E.D. Mich. Oct. 22, 2008), and that Judge Lawson's October 22, 2008, Opinion, which this Court believes to be well-reasoned and sound, applies with equal force to the present matter. Because Appellant has waived its right to appeal the sole issue raised in this appeal, the Court will affirm the Bankruptcy Court's June 25, 2008, "Oral Opinion," as it is referred to by Appellant, for the reasons stated by Judge Lawson in *Campbell*.

The Court notes that the issue presented in both this appeal and in

1

*Campbell*—"[w]hether the Bankruptcy Court erred in finding a complete file review of a post-confirmation case should be limited to one half hour in all cases"—does not reflect a reasonable interpretation of the Bankruptcy Court's June 25, 2008, "Oral Opinion." An examination of the June 25, 2008, hearing transcript reveals that the Bankruptcy Court did not, by any means, impose a strict rule limiting post-confirmation review by a debtor's counsel to thirty minutes "in all cases," as Appellant insists. Rather, the Bankruptcy Court stated as follows:

> I just can't fathom how it would take longer than a half an hour to do all of this on the default basis that I've indicated, so I'm going to ask counsel to work together to apply these guidelines to these four fee applications and see if you can agree upon what my ruling would be . . .

June 25, 2008, Hr'g Tr. at 20. As Judge Lawson observed, and this Court agrees, the Bankruptcy Court "believed that spending more than a half-an-hour on second and subsequent reviews would require special justification," *see Campbell*, 08-CV-12964 at 4, but did not go so far as to say that a debtor's counsel can never, under any circumstances, bill more than thirty minutes in connection with a post-confirmation review. Appellant stipulated to a proposed order which complied with the court's guidelines and that proposed order was entered by the court on July 8, 2008. As Judge Lawson found, Appellant has waived its right to appeal by agreeing to the terms proposed by the Bankruptcy Court. Therefore, this Court cannot grant Appellant's request to "reverse the Bankruptcy Court on the issue of limiting Debtor attorney's fees for its post-confirmation file review to one half an hour." (*See* Appellant's Br. at 11.)

Likewise, the Court must deny Appellant's second and final request that it "remand this matter back to the Bankruptcy Court and direct the Court to allow fees as requested for the post-confirmation case review in the full amount of 1.4 hours at $200.00 per hour . . ." because, as explained in detail by Judge Lawson in *Campbell*, Appellant has waived its right to this relief via

2

the stipulation.  Accordingly,


IT IS ORDERED that the order of the Bankruptcy Court is affirmed.




Dated:__October 29, 2008__  
    Detroit, Michigan

__s/Bernard A. Friedman_____  
BERNARD A. FRIEDMAN  
CHIEF UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

S/Carol Mullins
Case Manager to Chief Judge Friedman